IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

J.D. & BILLY HINES TRUCKING, INC.                                    PLAINTIFF

vs.                              Case No. 4:15-cv-04011

HALE LAND & CATTLE COMPANY                                    DEFENDANT

**MEMORANDUM OPINION**

Defendant, Hale Land & Cattle Company ("HLC"), filed a Motion for Partial Summary Judgment. ECF No. 19.[1] Plaintiff J.D. & Billy Hines Trucking, Inc. ("HTI") filed their response. ECF No. 28. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 17. The Court having reviewed the Defendant's Motion for Summary Judgment and Plaintiff's response, hereby finds as follows:

**1. Background**:

Plaintiff's Complaint alleges breach of contract and conversion related to a hauling contract entered into by the parties. Plaintiff seeks contract damages and damages for conversion for the unauthorized use of its trailers by Defendant.

With this current Motion, Defendant asserts there are no issues of fact in support of Plaintiff's attempt to recover lost profits damages, consequential damages, incidental damages, special damages, or punitive damages. ECF No. 19. Defendant argues the hauling agreement (ECF No. 20-

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

1), specifically included a limitation of liability provision which stated in no event shall either party be liable to the other party for incidental, special, consequential, punitive, or lost profit damages.

In response, Plaintiff argues Defendant's (1) interpretation of the hauling agreement language renders the contract meaningless, (2) even if Defendant's interpretation is reasonable, the jury should decided the ambiguity of the possible interpretations of the contract language, and (3) Defendant should be precluded from proffering before the jury its unreasonable interpretation of the contract provision regarding limitations on certain damages.

## 2. Applicable Law:

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson,* 477 U.S. at 249. A party opposing a motion for summary judgment "may not rest upon mere allegations or

denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

**3. Discussion:**

In June of 2013, the parties entered into a "Hauling Agreement" wherein Plaintiff agreed to transport certain residual and finished wood products for Defendant. ECF No. 20-1. Plaintiff agreed to provide trailers and licensed drivers. *Id.* The agreement contained the following language in paragraph 19:

> LIMITATION OF LIABILITY: In the event of a breach of this Agreement, in no event shall either party hereto be liable to the other party hereto for incidental, special, consequential, punitive or lost profits damages.

During the term of the agreement, Plaintiff alleges Defendant began to use the Plaintiff's trailers without their authorization and in violation of the terms of the agreement. ECF No. 1. Plaintiff alleges this unauthorized use of their trailers constituted the tort of conversion and resulted in a breach of the agreement. Based on this unauthorized use of their trailers, Plaintiff seeks damages for past and future lost profits, lost rental value, and punitive damages. *Id.*

In relying on paragraph 19 of the Hauling Agreement, Defendant seeks Summary Judgment on all of Plaintiff's claims for breach of contract wherein claimed recoverable damages would be for incidental, special, consequential, punitive, or lost profit damages. Plaintiff argues there may or may not be more than one reasonable interpretation for any one or more provisions of the contract. Specifically, Plaintiff asserts it would be unreasonable to interpret paragraph 19 to preclude recovery for unauthorized use of the trailers as this was the agreement's express purpose. Plaintiff asserts the interpretation of paragraph 19 offered by the Defendant renders the agreement "meaningless."

In the alternative, Plaintiff claims there is an ambiguity in the agreement which must be resolved by a jury. Plaintiff claims the "more likely" intent of paragraph 19 was to limit "lost profits, special damages and consequential damages."

When a contract is free of ambiguity, its construction and legal effect are questions of law for the court to determine. *Tri–Eagle Enterprises v. Regions Bank*, 2010 Ark. App. 64, 373 S.W.3d 399. When contracting parties express their intention in a written instrument in clear and unambiguous language, it is the court's duty to construe the writing in accordance with the plain meaning of the language employed. *Id.* Language is ambiguous if there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one equally reasonable interpretation. *Nash v. Landmark Storage, LLC*, 102 Ark.App. 182, 283 S.W.3d 605 (2008). The standard of review for contract interpretation has been stated often:

> The first rule of interpretation of a contract is to give to the language employed the meaning that the parties intended. In construing any contract, we must consider the sense and meaning of the words used by the parties as they are taken and understood in their plain and ordinary meaning. The best construction is that which is made by viewing the subject of the contract, as the mass of mankind would view it, as it may be safely assumed that such was the aspect in which the parties themselves viewed it. It is also a well-settled rule in construing a contract that the intention of the parties is to be gathered, not from particular words and phrases, but from the whole context of the agreement.

*Alexander v. McEwen*, 367 Ark. 241, 244, 239 S.W.3d 519, 522 (2006) (internal citations omitted).

In addition, the doctrine of *contra proferentum*, recognized by Arkansas courts, "require[s] that if uncertainty or ambiguity exists within the terms of a contract, or if it is susceptible to more than one reasonable construction, then the courts must construe the contract most strongly against the party who drafted it." *Price v. Willbanks*, 2009 Ark.App. 849, 374 S.W.3d. 28.

In this matter, the language in paragraph 19 is clear and unambiguous. There is only one reasonable interpretation to the language "in no event shall either party hereto be liable to the other party hereto for incidental, special, consequential, punitive or lost profits damages." Further, Plaintiff prepared the agreement, including the language in paragraph 19, without any input whatsoever from the Defendant. *See* Deposition of Richard Bruce Olney, ECF No. 20-2, Pg. 4. This contract must be construed against Plaintiff as the agreement was prepared by Plaintiff and Defendant was not involved at all in its preparation.

The language of paragraph 19 is clear, unambiguous, and was prepared by the Plaintiff. Paragraph 19 precludes either party from recovering "incidental, special, consequential, punitive or lost profits damages." Accordingly, Plaintiff may not recover those damages in a claim for breach of contract.

**4. Conclusion:**

Based on the forgoing, Defendant's Motion for Partial Summary Judgment (ECF. No. 19) is **GRANTED** as to Plaintiff's claims for breach of contract wherein claimed recoverable damages would be for incidental, special, consequential, punitive, or lost profit damages. Plaintiff's claim for conversion remains for jury trial.

**DATED this 27th day of December 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE